UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA WINERY, INC.,<br><br>    Petitioner,<br><br>    v.<br><br>GRAVEYARD VINEYARDS,<br><br>    Respondent. | Case No. 16-mc-80228-DMR<br><br>**ORDER VACATING JANUARY 26, 2017 HEARING ON PETITIONER'S MOTION TO QUASH**<br><br>Re: Dkt. No. 1 |

The court has reviewed Petitioner Armida Winery, Inc.'s ("Armida") motion to quash a subpoena that Respondent Graveyard Vineyards ("Graveyard") served on Armida's attorney, Herbert L. Terreri. The issues in the motion to quash are virtually identical to the issues raised by Armida in a motion for protective order filed in cancellation proceedings pending before the Trademark Trial and Appeal Board ("TTAB") involving the same two parties. Moreover, the issues in the motion for protective order and the motion to quash appear to be intertwined with the TTAB's prior ruling on Graveyard's motion to disqualify Mr. Terreri.

The court takes judicial notice of the fact that the TTAB has expressed its intent to adjudicate the motion for a protective order. *See Armida Winery, Inc. v. Graveyard Vineyards*, TTAB Cancellation No. 92059267 (Nov. 2, 2016 suspension of cancellation proceedings pending TTAB's disposition of the discovery disputes); *see United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (courts may take judicial notice of records of administrative bodies).

It would be far more efficient to allow the TTAB to address the issues raised in the motion to quash, since Armida has already presented the same issues to the TTAB in its motion for protective order. It is particularly appropriate for the TTAB to adjudicate those issues, as it has already ruled on the disqualification motion, and is in the best position to understand the discovery ramifications of that ruling. There will be no apparent harm caused by delaying adjudication of

the motion to quash, since the TTAB has suspended the cancellation proceedings until it rules on the motion for protective order and other discovery disputes. The court therefore exercises its discretion to stay this action pending the outcome of the motion for a protective order before the TTAB. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("[a] trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *Shipley v. United States*, 608 F.2d 770, 775 (1979) ("where a pending administrative proceeding might render the relief sought in district court unnecessary, it is proper for the district court to stay the case before it pending the outcome of the administrative proceeding.").

The January 26, 2017 hearing on the motion to quash is vacated. The subpoena that is the subject of the motion to quash is suspended. The motion to quash is denied without prejudice. Petitioner shall file the TTAB's decision on the motion for protective order within five court days of its issuance. Upon review of the TTAB's decision the court will issue an order directing the parties to submit further briefing and/or restore this matter to the calendar.

**IT IS SO ORDERED.**

Dated: January 19, 2017



Donna M. Ryu
United States Magistrate Judge